IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| NELVETTE SIEMION, d.b.a. White Buffalo Ranch, and BRANDON L. SIEMION, Power of Attorney, pro se, on behalf of Petitioner Nelvette Siemion,<br><br>         Plaintiffs,<br><br>   vs.<br><br>VIANNA STEWERT, Acting BIA Superintendent; DEBBIE SCOTT, BIA Realty agent; CLARA HUGS, BIA Supervisory Realty Specialist; TY TEN BEAR, BIA Land Services Employee; PATRICIA BUGAS-HARRIS, owner CH Land & Cattle Co.; MARTIN ANSETH, Manager CH Land & Cattle Co.; WILLIAM HE DOES IT, National Park Service Employee; PHOEBE KNAPP-WARREN, owner of Grapevine Ranch Inc.; PAUL WARREN, owner of Grapevine Ranch Inc.; SAM REDDING, Manager Grapevine Ranch Inc.; LELAND WALKING BEAR; KELLY DEE PASSES; CEDRIC BLACK EAGLE; LARRY TOBACCO, Director of Crow Tribal Fish & Game; WILLIAM F. SNELL III PRETTY SHIELD, Crow Tribal Fish & Game Officer; CODY WILHELM, Crow Tribal Fish & Game Officers; CHAZ BENDS, Crow Tribal Fish & Game Mechanic; VERNON HILL, Crow Tribal Fish & Game Dispatcher; THOMAS HILL, son of Vernon Hill; PETE MOLINA, Bighorn County Sheriffs Deputy; DIANE CABRERA, Crow Tribal Prosecutor & Special Assistant to the United States Attorney; and PARTIES UNKNOWN,<br><br>         Defendants. | CV 11-120-BLG-RFC-CSO<br><br>**ORDER** |

Brandon L. Siemion, appearing *pro se* and purporting to act with

-1-

"durable power of attorney" on behalf of his mother and "Trustor," Nelvette Siemion, initiated this action on October 28, 2011, by filing a document styled "Petition for Show/Cause Hearing for Federal Claims Against Above-Named Respondents and for Grand Jury Impaneling." *Court Doc. 1*. The Court construes the "Petition" as a Complaint and will so refer to it in this Order. *See Rules 3 and 7(a), Fed. R. Civ. P.*[1] With the Complaint, Brandon L. Siemion also filed multiple exhibits organized by a "Table of Contents of Exhibits Supporting Plaintiffs [sic] Claims."[2]

It is difficult to discern from the Complaint not only the precise claims asserted but also the identity of defendants against whom each claim is intended to be asserted. The Complaint alleges:

> (1) that Defendants "did violate the codes applicable to Leasing Trust Lands upon the Crow Reservation and all

---

[1] References to rules are to the Federal Rules of Civil Procedure unless otherwise indicated.

[2] See Clerk of Court's docket notation for Complaint (explaining that "Exhibits consisting of Table of Contents, Sections 1 through 10, and two maps are held separately on the shelf in the clerk's office due to the voluminous file size and that there are numerous exhibits on which personal identifiers appear. ... [M]aps are held in the vault in the clerk's office").

Reservations (25 CFR sec. 162.212(b)), specifically on April 24, 2006 but not limited to, with malicious intent to deprive Trustor of lands she had historically leased, necessary for ranching which is her only source of income[,]" *Court Doc. 1 at 2*;

(2) "[t]he acceptance of Late Bids by BIA, in violation of its Federal Codes and its own letters, precedence and procedures on behalf of other [Defendants] as well as destroying private property and failure of Mr. Black Eagle to establish a Crow Tribal Land Board and/or protect the rights of enrolled Crow Tribal Members and allowing Crow Tribal Fish & Game employees to destroy her private property, i.e., three (3) bison bulls killed outright on January 20, 2011, with no prosecution by [Defendant], Crow Tribal Prosecutor Diane Cabrera and seven (7) additional through stress-related deaths and numerous injuries to other bison by illegal roundups supervised by agents of BIA, thus over-stepping his authority as Chairman of the Crow Tribe of Indians[,]" *id. at 3*;

(3) "[i]t is not reasonable that the BIA, Mr. Black Eagle and others were unaware that Mr. Walking Bear and Mr. He Does It were, in fact, fronting for Grapevine Ranch, Inc., and CH Land and Cattle Company, also grievous violations of Crow Tribal Lease Law CLB 09-04 ... (covered by 25 CFR Sec. 162.212(b)) explicitly forbidding 'fronting[,]'" *id.*;

(4) "Leland Walking Bear, William He Does It, and Kelly Dee Passes also acquired leases next to my Trustor by illegal maneuvers including bidding, returning land after acceptance, re-bidding and reassignment.  My Trustor leased these lands for over thirty (30) years and had the only bid on these lands on April 24, 2006 ... in accordance with cover letter and 25 CFR Sec. 162.212(b)[,]" *id. at 3-4*; and

(5) there have been "assaults by Walking Bear and Passes on Trustor's lawful husband, George, and Darin Siemion and Brandon Siemion, her natural sons, in attempts to procure said leases by physical attacks, again with no prosecution by Crow Tribal Prosecutor Diane Cabrera. William He Does It did attempt to intimidate and antagonize entire male portion of Trustor's family while on duty for the United States National Park Service, reprimand on file for such actions, combine to show collusion and conspiracy on parts of all [Defendants] and parties unknown at this time to deprive my Trustor of her ability to make a living, by commiting physical assaults, intimidation, destruction of property with due process, and enrich themselves by selling Trustor's assets to members of Bighorn County Sheriff's Department for sums unknown[,]" *id. at 4*.

In addition to seeking compensatory and punitive damages, the Complaint also suggests that Defendants' "actions ... in concert constitute felonious behavior and should be examined by a Grand Jury." *Id. at 5*.

All named Defendants have appeared. The following motions are pending, although not yet ripe for adjudication:

1. Motion to dismiss filed by Defendants Martin Anseth, Patricia Bugas-Harris, William He Does It, Phoebe Knapp-Warren, Sam Redding, Leland Walking Bear, and Paul Warren (the "private Defendants"), *Court Doc. 11*;

2. Motion to dismiss filed by Defendant Pete Molina ("Molina"), *Court Doc. 19*;

3. Motion to dismiss filed by Defendants William He Does It, Clara Hugs, Debbie Scott, Vianna Stewart, and Ty Ten Bear (the "Federal Defendants"), *Court Doc. 23*;[3]

4. Motion to dismiss filed by Defendant Kelly Dee Passes ("Passes"), *Court Doc. 26*; and

5. Motion to dismiss filed by Defendants Cedric Black Eagle, Chaz Bends, Diane Cabrera, Thomas Hill, Vernon Hill, William F. Snell Pretty Shield, III, Larry Tobacco, and Cody Wilhelm (the "Tribal Defendants"), *Court Doc. 27*.

The motions seek dismissal on various grounds. Some seek, as an alternative to dismissal, an order requiring that the Complaint be amended to provide more definite statements respecting any claims for relief.

Before reaching any substantive motions, however, the Court first must address the issue of Plaintiff's representation. As noted, Brandon Siemion purports to act on Nelvette Siemion's behalf claiming to hold her "durable power of attorney." *Court Doc. 1 at 2*. But Brandon Siemion may not represent Nelvette Siemion in this Court. It is well-

---

[3]The Federal Defendants also seek summary judgment "in favor of the United States ... regarding any challenge to the Interior Board of Indian Appeals (IBIA) decisions regarding the Bureau of Indian Affairs approval of who the Crow Tribe selected as a lessee because the decision of the IBIA is not arbitrary, capricious or an abuse of discretion." *Court Doc. 23 at 2*.

-5-

settled in the Ninth Circuit that a non-lawyer has no authority to appear as an attorney for others than himself. *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). A power of attorney does not confer authority to represent another party in court. *Id.* Also, this Court's Local Rules of Procedure provide that "[o]nly an attorney authorized to appear [in this Court] may appear on behalf of a party." Local Rule 83.1(a)(2), Local Rules of Procedure, United States District Court for the District of Montana ("Local Rules").

Here, Brandon Siemion is not licensed to practice law in this Court and therefore is not authorized to appear on behalf of another party. Even if he holds Nelvette Siemion's durable power of attorney, he is not admitted to practice law in this Court. "A power of attorney is not a vehicle which authorizes an attorney in fact to act as an attorney at law." *Marble v. Missoula Co.*, 2006 WL 2711799 at *5 (D. Mont. 2006) (citation omitted). It appears that most, if not all, claims are asserted on behalf of Nelvette Siemion. This case cannot move forward as it is presently presented.

The Court deems it appropriate to afford Nelvette Siemion time to retain the services of a licensed attorney, admitted to practice in this Court, to represent her. In the alternative, she may proceed pro se by filing her own Complaint. And, because it is unclear what, if any, claims Brandon Siemion seeks to assert on his own behalf, the Court will allow him to file a separate Complaint, if he wishes, asserting only those claims he wishes to pursue on his own behalf.[4] He, too, of course, may instead retain the services of a licensed attorney admitted to practice in this Court to represent him. To relieve the parties from incurring further expenditure of time and expense at this juncture, the Court will suspend briefing requirements on all of the pending motions until such time as Nelvette Siemion and Brandon Siemion either have appeared through licensed counsel or appeared pro se.

Should Nelvette Siemion and/or Brandon Siemion elect to proceed pro se by filing their respective Complaints, they are advised that they must comply with Rule 8, which sets forth the general rules of pleading

---

[4]Should both Brandon Siemion and Nelvette Siemion each file their own Complaints herein, the Court will, at least initially, treat them as consolidated in this case. *See Fed. R. Civ. P. 20(a).*

and provides:

> (a) Claim for Relief.  A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In complying with Rule 8, Nelvette Siemion and Brandon Siemion are advised that each must indicate how he or she was individually injured, and specifically identify which defendant or defendants are responsible for each injury.  Each claim must be stated in a separate count.  Self-represented litigants must comply with the Federal Rules of Civil Procedure and all applicable local rules.  *See L.R. 83.8.*

Based on the foregoing, **IT IS ORDERED**:

(1)  On or before January 31, 2012, Nelvette Siemion and Brandon Siemion must either: (a) appear through licensed counsel authorized to appear in this Court, or (b) file separate Complaints each on their own behalf.  Should Nelvette Siemion and Brandon Siemion fail to comply with this Order, the Court will recommend

that this case be dismissed.

(2)  IT IS FURTHER ORDERED that briefing requirements on all pending motions are suspended until further order of the Court.

DATED this 10th day of January, 2012.

                                    /S/ Carolyn S. Ostby
                                    United States Magistrate Judge