IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

**FILED**
MAY 25 2012
PATRICK E. DUFFY CLERK
BY_____
Deputy Clerk
U.S. DISTRICT COURT
BILLINGS DIVISION

| | |
|---|---|
| NELVETTE SIEMION, DBA/White Buffalo Ranch,<br><br>Plaintiff,<br><br>vs.<br><br>VIANNA STEWERT, DEBBIE SCOTT, CLARA HUGS, TY TEN BEAR, PATRICIA BUGAS-HARRIS, MARTIN ANSETH, WILLIAM HE DOES IT, PHOEBE KNAPP-WARREN, PAUL WARREN, SAM REDDING, LELAND WALKING BEAR, KELLY DEE PASSES, CEDRIC BLACK EAGLE, LARRY TOBACCO, WILLIAM F. SNELL III PRETTY SHIELD, CODY WILHELM, CHAZ BENDS, VERNON HILL, PETE MOLINA, DIANE CABRERA, and PARTIES UNKNOWN,,<br><br>Defendant. | Cause No. CV-11-120-BLG-RFC-CSO<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

On April 24, 2012, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation. Magistrate Judge Ostby recommends this Court grant the motion to dismiss under Rule 12(b)(1) filed by Defendant Pete Molina; grant the motion to substitute the United States, to dismiss under Rule 12(b)(1), (6) and (7), and for summary judgment under Rule 56(a) (on Administrative

1

Procedure Act Claims) filed by Defendant Debbie Scott, Clara Hugs, Vianna Stewart, Ty Ten Bear, and William He Does It; grant the motion to dismiss under Rules 12(b)(1) and (6) filed by Defendants Cedric Black Eagle, Larry Tobacco, William F. Snell, III, Cody Wilhelm, Chaz Bends, Vernon Hill, Thomas Hill, and Diane Cabrera; and grant the motion to dismiss under Rules 12(b)(1), (6), and (7), for misjoinder of parties under Rule 21, for a more definite statement under Rule 12(e), and for a determination that the action was brought for an improper purpose under Rule 11(b)(1) filed by Defendants Patricia Bugas-Harris, Martin Anseth, William He Does It, Phoebe Knapp-Warren, Paul Warren, Sam Redding, and Leland Walking Bear.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the April 24, 2012 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

## ANALYSIS

### I. Federal Defendants

#### A. Substitution of the United States

The United States Attorney for Montana, under 28 U.S.C. § 2679(d)(1) and 28 C.F.R. § 15.4(a), has certified that Scott, Hugs, Stewart, and Ten Bear were acting within the scope of their employment with the BIA at the time of the incidents alleged in Siemion's Amended Complaint. *Doc. 43*. The certification is "prima facie evidence that a federal employee was acting in the scope of her employment at the time of the incident[,]" *Pauly v. U.S. Dept. of Agri.*, 348 F.3d 1143, 1151 (9th Cir. 2003) (quoting *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995)).

Siemion, as plaintiff, bears the burden of disproving the certification by a preponderance of the evidence. *Pauly*, 348 F.3d at 1151. To disprove the certification, a court may allow a plaintiff to conduct some discovery provided the plaintiff has alleged "sufficient facts that, taken as true, would establish that the defendants' actions exceeded the scope of their employment." *Iknatian v. U.S.*, 2010 WL 3893610, at *2 (D. Mont. Sept. 28, 2010) (quoting *Stokes v. Cross*, 327 F.3d 1210, 1214 (D.C. Cir. 2003)). Permitting such discovery, however, "must be balanced against the congressional intent 'to protect federal employees from the uncertain and intimidating task of defending suits that challenge conduct within

3

the scope of their employ.' " *Id.*, at *3 (quoting *Brown v. Armstrong*, 949 F.2d 1007, 1011 (8 Cir. 1991)).

This Court agrees that it would not be appropriate to permit her to conduct discovery into whether Scott, Hugs, Stewart, and Ten Bear were acting within the scope of their employment. First, Siemion has not alleged any facts, taken as true, that would establish that the employees' actions, as she has characterized them, exceeded the scope of their employment. Second, as a practical matter, it is highly unlikely that discovery on this limited issue would materially advance this litigation toward resolution.

Siemion has not met her burden. All of the allegations stem from the named Federal Defendants' conduct taken pursuant to their employment. Siemion has not alleged, nor has she presented any evidence to demonstrate, that any act by any of these Federal Defendants was done in furtherance of their own personal interest or beyond what is ordinarily incidental to duties performed on behalf of their employer. On this record, the only reasonable legal inference that may be drawn is that the named Federal Defendants were acting within the scope of their employment. Thus, the Federal Defendants' motion to the extent it seeks to substitute the United States for Scott, Hugs, Stewart, and Ten Bear is granted.

### B. Tort Claims Stemming from Bison Impoundment Dispute, Claims Against He Does It for Intimidation, and Allegation against Ten Bear for Referring False Trespass Claims

Respecting Siemion's claims against: (1) He Does It for allegedly antagonizing and intimidating Siemion's husband and son while He Does It was on duty as a snow plow operator for the National Park Service; and (2) Ten Bear for allegedly accepting and referring false bison trespass reports to Crow Tribal Fish & Game agents, these claims will be dismissed. Siemion has not alleged that, before filing these claims in this Court, she first submitted them to the appropriate Federal agency as required by 28 U.S.C. § 2675(a). This requirement is jurisdictional. See *Meridian International Logistics v. U.S.*, 939 F.2d 740, 743 (9th Cir. 1991); *Blain v. United States*, 552 F.2d 289, 291 (9th Cir. 1977). These claims must be dismissed.

### C. Leasing Dispute Claims

Siemion claims she was wrongfully deprived of Crow Tribal land leases to which she is entitled. BIA Regional Director rejected the appeal in which Siemion claimed that the Crow Tribe Superintendent wrongfully awarded leases to others instead of to her. The BIA Regional Director explained that the Crow Tribe has the exclusive right to grant or award leases on Tribal lands under 25 C.F.R. § 162.207 and that the BIA has no authority to monitor or ensure that the Tribe

follows its own laws and ordinances regarding the granting or awarding of leases on Tribal lands. The IBIA affirmed this decision on February 5, 2009, concluding that neither the BIA nor the IBIA had authority to address Siemion's challenges or to challenge the Tribe's award of leases of Tribal lands.

Having reviewed the IBIA's decision, and in light of Siemion's failure to come forward with persuasive argument or authority challenging the decision, the Court concludes that the IBIA's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Thus, the Court will dismiss Siemion's leasing dispute claims.

## II. Tribal Defendants

The Court has carefully considered the parties' arguments and relevant authority and concludes that the Tribal Defendants' motion to dismiss should be granted. Siemion's claims against Black Eagle and Cabrera are to be dismissed because they are immune from suit in their capacities as Tribal officials. Siemion's claim against Tribal Defendants Tobacco, Snell, Wilhelm, Bends, V. Hill, and T. Hill are to be dismissed for lack of subject matter jurisdiction.

Because Indian Tribes are separate and distinct sovereignties, "no action under 42 U.S.C. § 1983 can be maintained in federal court for persons alleging deprivation of constitutional rights under color of tribal law." *R.J. Williams Co. v. Fort Belknap Housing Authority*, 719 F.2d 979, 982 (9th Cir. 1983). Unless

Congress authorizes the lawsuit or sovereign immunity has been waived, Indian tribes, tribal entities, and persons acting on a tribes' behalf in an official capacity enjoy sovereign immunity against suit. *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*, 523 U.S. 751, 754 (1998) (tribe); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1046 (9th Cir. 2006) (tribal entity); *Hardin v. White Mountain Apache Tribe*, 779 F.2d 476, 479-80 (9th Cir. 1985) (tribal officials). Because Siemion's claims against Black Eagle and Cabrera stem from her allegations that they failed to perform duties as Tribal officials, they are protected by Tribal sovereign immunity. *Burlington Northern & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d at 1091 (citing *Hardin*, 779 F.2d at 479-80).

To the extent Tribal Defendants Tobacco, Snell, Wilhelm, Bends, V. Hill, and T. Hill were performing their duties as Tribal officers, they are immune for the same reasons stated above respecting Black Eagle and Cabrera.

To the extent that Siemion alleges that these named Tribal Defendants acted beyond their valid authority, Tribal sovereign immunity may not extend to them. In this event, Siemion's claim against them is appropriately dismissed for lack of subject matter jurisdiction for a different reason. Civil jurisdiction over activities on reservation lands "presumptively lies in the tribal courts unless limited by federal statute or a specific treaty provision. Considerations of comity require the exhaustion of tribal remedies before the claim may be addressed by the district

court." *Wellman v. Chevron*, 815 F.2d 577, 578 (9th Cir. 1987) (*citing Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 107 S. Ct. 971, 976-977, 94 L. Ed. 2d 10 (1987); *National Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 857(1985)).

Once all tribal remedies are exhausted, a federal district court has jurisdiction under 28 U.S.C. § 1331 to review the tribal court's finding of tribal jurisdiction. *LaPlante*, 107 S. Ct. at 978; *National Farmers Union Ins.*, 471 U.S. at 857. If the Court finds that the tribal court system properly exercised jurisdiction over the controversy, proper deference to the tribal court precludes relitigation of the issues raised and resolved in the tribal court. See *LaPlante*, 480 U.S. 9, 107 S.Ct. 971, 94 L. Ed. 2d 10.

Siemion's claim against these Tribal Defendants involves their killing of three of her bison on the reservation by tribal officers and members. In civil cases arising between Indians, or against an Indian defendant in an action arising in Indian country, tribal jurisdiction usually will be exclusive. *Fisher v. District Court*, 424 U.S. 382, 386-89 (1976); *Williams v. Lee*, 358 U.S. 217, 223 (1959). Indian tribes "exercise inherent sovereign authority over their members and territories." *Oklahoma Tax Com'n v. Citizen Band of Potawatomi Indian Tribe*, 498 U.S. 505, 511 (1991).

8

Here, the record does not reflect that Siemion has sought relief in Tribal Court for the claim she asserts here against these named Tribal Defendants. Her Tribal Court case involved only the leasing dispute. Accordingly, her claims against the Tribal Defendants must be dismissed.

### III. Private Defendants

The Private Defendants filed their motions on February 17, 2012. *Court Doc. 45*. Siemion's response to this motion was due on March 9, 2012. Local Rule 7.1(d)(1)(B) ("Responses to motions to dismiss, . . .must be filed within twenty-one (21) days after the motion was filed.").

Siemion failed to respond to the Private Defendants' motion or to seek an extension of time to respond. When a party opposing a motion fails to file a response, as here, the Court has the discretion to deem the failure "an admission that the motion is well-taken." Local Rule 7.1(d)(1)(B).

Before granting the Private Defendants' motions to dismiss, the Court must consider five factors: "(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The first factor weighs strongly in favor of dismissal. At this juncture in the proceedings, dismissal will promote the public's interest in expeditious resolution of litigation. The second factor weighs strongly in favor of dismissal. Siemion's failure to respond to the Private Defendants' motions undermines the Court's ability to expedite resolution of the action. The third factor weighs in favor of dismissal. The Private Defendants in this action should suffer no prejudice by the dismissal of Siemion's claims against them. The fourth factor generally weighs against dismissal for failure to file a brief. This policy lends little support, however, to those parties responsible for moving a case forward but whose conduct impedes progress in that direction. As to the fifth factor, it is possible that the Court could adopt less drastic sanctions by ordering Siemion to file a response. However, Siemion assumed an affirmative responsibility to participate in the proceedings in accordance with the rules by bringing this action. Her failure to participate with respect to the Private Defendants imposes a strain on judicial resources and, more significantly, works unfair prejudice upon the Private Defendants, who were compelled to appear to defend themselves.

Thus, the motions to dismiss brought by the Private Defendants will be granted.

## IV. Defendant Molina

Siemion's Amended Complaint does not state the basis for the Court's subject matter jurisdiction respecting her claim against Molina. She also has failed to allege any facts that would give rise to this Court's subject matter jurisdiction over her claim against Molina. Siemion has alleged in Count 12 only that Molina "came into possession of a Bison carcass" that belonged to her and that he failed to report that to "the proper authorities[.]" *Court Doc. 32 at 21*. Nothing in these allegations, as they are presently stated and even if they are assumed to be true, gives rise to this Court's subject matter jurisdiction.

Additionally, the claim against Molina is subject to dismissal for the same reasons set forth above respecting the recommended dismissal of Siemion's claim against Tribal Defendants Tobacco, Snell, Wilhelm, Bends, V. Hill, and T. Hill. On the current record, the Court concludes that Siemion has not sought relief in Tribal Court for the claim she asserts against Molina.

## CONCLUSION

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

11

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. The motion to dismiss under Rule 12(b)(1) filed by Defendant Pete Molina, *Court Doc. 34*, is **GRANTED**.

2. The motion to substitute the United States, to dismiss under Rules 12(b)(1), (6), and (7), and for summary judgment under Rule 56(a) (on Administrative Procedure Act Claims) filed by Defendants Debbie Scott, Clara Hugs, Vianna Stewert, Ty Ten Bear, and William He Does It, *Court Doc. 41*, is **GRANTED**.

3. The motion to dismiss under Rules 12(b)(1) and (6) filed by Defendants Cedric Black Eagle, Larry Tobacco, William F. Snell, III, Cody Wilhelm, Chaz Bends, Vernon Hill, Thomas Hill, and Diane Cabrera, *Court Doc. 42*, is **GRANTED**.

4. The motion to dismiss under Rules 12(b)(1), (6), and (7), for misjoinder of parties under Rule 21, for a more definite statement under Rule 12(e), and for a determination that the action was brought for an improper purpose under Rule 11(b)(1) filed by Defendants Patricia Bugas-Harris, Martin Anseth, William He Does It, Phoebe Knapp-Warren, Paul Warren, Sam Redding, and Leland Walking Bear, *Court Doc. 45*, is **GRANTED**.

The Clerk of Court shall notify the parties of the entry of this Order.

DATED the 25th day of May, 2012.

*[signature]*

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE