IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
JUL 24 2012
PATRICK E. DUFFY CLERK
BY_____ Deputy Clerk
U.S. DISTRICT COURT
BILLINGS DIVISION

| | |
|---|---|
| NELVETTE SIEMION, DBA/White Buffalo Ranch,<br><br>Plaintiff,<br><br>vs.<br><br>VIANNA STEWERT, DEBBIE SCOTT, CLARA HUGS, TY TEN BEAR, PATRICIA BUGAS-HARRIS, MARTIN ANSETH, WILLIAM HE DOES IT, PHOEBE KNAPP-WARREN, PAUL WARREN, SAM REDDING, LELAND WALKING BEAR, KELLY DEE PASSES, CEDRIC BLACK EAGLE, LARRY TOBACCO, WILLIAM F. SNELL III PRETTY SHIELD, CODY WILHELM, CHAZ BENDS, VERNON HILL, PETE MOLINA, DIANE CABRERA, and PARTIES UNKNOWN,,<br><br>Defendant. | Cause No. CV-11-120-BLG-RFC<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

On June 28, 2012, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation. Magistrate Judge Ostby recommends Siemion's motion for appointment of counsel be denied and Siemion's motion for summary judgment be denied.

1

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the June 28, 2012 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

### A.   Motion for Appointment of Counsel

Siemion has been advised that no one, including incarcerated prisoners, has a constitutional right to be represented by appointed counsel when they bring a civil lawsuit similar to the matter at hand. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998). A judge in a civil action such as this one cannot order a lawyer to represent a plaintiff – a judge can merely request a lawyer to do so. *Mallard v. United States Dist. Court*, 490 U.S. 296, 310, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). Even in a case involving an indigent plaintiff, a judge may request counsel only under "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Siemion is not proceeding as an indigent litigant. Siemion also has not demonstrated exceptional circumstances that would move a court to request counsel to represent her in this matter. Siemion has not demonstrated a likelihood of success on the merits that would cause the Court to believe that requesting counsel is appropriate.

### B. Siemion's Motion for Summary Judgment

Siemion failed to comply with the Local Rules ("L.R.") in moving for summary judgment. She did not state in the text of her motion whether Passes has been contacted concerning the motion or whether he objects to it, in violation of L.R. 7.1(c)(1). She did not file a brief in support of her motion, in violation of L.R. 7.1(d)(1)(A), which provides that an opposed motion "must be accompanied by a brief in support filed at the same time as the motion" and that "failure to timely file a brief will result in denial of the motion....."

Nor did Simeon comply with L.R. 56.1, which requires a movant to file a Statement of Undisputed Facts setting forth each fact upon which she relies and citing to specific documents to support the motion. Siemion has failed to demonstrate the absence of genuine issues of material fact and has not shown that she is entitled to judgment as a matter of law on any of her claims against Passes.

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that the Siemion's Motion for Appointment of Counsel [*Doc. 63*] is **DENIED** and Siemion's Motion for Summary Judgment [*Doc. 62*] is **DENIED**.

The Clerk of Court shall notify the parties of the entry of this Order.

DATED the 24 day of July, 2012.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE