IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| NELVETTE SIEMION, DBA/White Buffalo Ranch,<br><br>Plaintiff,<br><br>vs.<br><br>VIANNA STEWERT, DEBBIE SCOTT, CLARA HUGS, TY TEN BEAR, PATRICIA BUGAS-HARRIS, MARTIN ANSETH, WILLIAM HE DOES IT, PHOEBE KNAPP-WARREN, PAUL WARREN, SAM REDDING, LELAND WALKING BEAR, KELLY DEE PASSES, CEDRIC BLACK EAGLE, LARRY TOBACCO, WILLIAM F. SNELL III PRETTY SHIELD, CODY WILHELM, CHAZ BENDS, VERNON HILL, PETE MOLINA, DIANE CABRERA, and PARTIES UNKNOWN,<br><br>Defendants. | CV 11-120-BLG-RFC-CSO<br><br>**FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Plaintiff Nelvette Siemion ("Siemion"), appearing *pro se*, claims in her Amended Complaint that various federal officials, tribal officials, and private individuals wrongfully (1) deprived her of leasing rights to

-1-

certain real property; (2) rounded up, seized, and impounded her livestock causing her to incur penalties and costs to recover them; (3) destroyed some of her livestock; (4) assaulted her husband and sons; and (5) sold a horse that belonged to her granddaughter. *Am. Cmplt. (Court Doc. 32)*. In prior proceedings, the Court dismissed all claims against all defendants except those asserted against Defendant Kelly Dee Passes ("Passes"). See *Order Adopting Findings and Recommendation of United States Magistrate Judge* (*DKT 58*).

During prior proceedings, Passes was proceeding pro se. Now, through counsel, Passes moves to dismiss Siemion's claims on several bases or, in the alternative, seeks a more definite statement. *Passes' Preliminary Motions (DKT 72)*. Siemion opposes Passes' motion. *Siemion's Resp. Br. (DKT 76)*.

Having considered the parties' arguments respecting Passes' motion, the Court enters the findings and recommendation discussed below.

I. **BACKGROUND**

This matter's background is thoroughly detailed in the record.

*See Order filed Jan. 10, 2012 (DKT 29); Order filed Feb. 1, 2012 (DKT 33); Order and Findings and Recommendations of United States Magistrate Judge filed April 24, 2012 (DKT 57)*. The Court repeats it here only as necessary to explain this ruling.

## II. DISCUSSION

Both Siemion and Passes are tribal members. *See DKT 15 at 2; DKT 32 at 2, 4; DKT 73 at 5*. Siemion mentions Passes only in Counts 1, 2, 4, and 5 of the fourteen counts she asserts in her Amended Complaint. *DKT 32 at 2-6, 9-13*. She seeks relief against him, however, only in Count 5. *Id. at 9-13*. Siemion alleges that Passes: (1) conspired with others to deprive her of lands she previously leased for her bison operation, *id. at 10-11*; (2) cut fences and opened gates allowing her bison to escape and be rounded up and held by others, *id. at 11*; (3) assaulted her son and husband, *id*.; (4) "concocted some sort of plan to fraudulently take control of all Crow Tribal Lands," including her land and home, *id*.; and (5) was involved in the sale of a horse that belonged to her granddaughter at a Bureau of Indian Affairs horse sale, *id. at 11-12*.

Passes seeks dismissal of Siemion's claims against him arguing that Siemion has failed to: (1) first present her claims against him to the Tribal Court before bringing them in federal court, *Passes' Br. (DKT 73) at 4-5*; (2) establish that this Court has subject matter jurisdiction over this action under Rules 8(a)(1) and 12(b)(1),[1] *id. at 5-7*; (3) bring her claims within the applicable limitations period, *id. at 7-8*; (4) join as a defendant the Crow Tribe of Indians, a necessary and indispensable party under Rule 19, *id. at 8-9*; and (5) state a claim upon which relief can be granted as required by Rule 12(b)(6), *id. at 9-11*. In the alternative to dismissal, Passes seeks an order for a more definite statement of Siemion's claims against him, under Rule 12(e). *Id. at 11-14*. Finally, Passes requests a hearing under Rule 12(I). *Id. at 14*.

Although Passes seeks dismissal on several bases, the Court finds dispositive his argument that the Court lacks subject matter jurisdiction. Rule 12(b)(1) permits a party to seek dismissal if the Court lacks jurisdiction over the subject matter of the dispute. The United States Supreme Court has described the parameters of federal

---

[1] References to rules are to the Federal Rules of Civil Procedure unless otherwise indicated.

court jurisdiction as follows:

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations omitted).

With respect to statutory grants of federal subject-matter jurisdiction, the Supreme Court has noted:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. *Bell v. Hood*, 327 U.S. 678, 681-85 (1946). She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. See § 1332(a).

*Arbaugh v. Y & H Corporation*, 126 S.Ct. 1235, 1244 (2006).

1244, n.10 (citations omitted).

Having carefully considered the parties' arguments and relevant authority, the Court concludes that Passes' motion to dismiss should be granted. Civil jurisdiction over activities on reservation lands involving Indian tribal members presumptively lies in the tribal courts unless limited by federal statute or a specific treaty provision. Considerations of comity require the exhaustion of tribal remedies before the claim may be addressed by the federal district court. *Wellman v. Chevron*, 815 F.2d 577, 578 (9th Cir. 1987) (citing *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 107 S. Ct. 971, 976-977, 94 L. Ed. 2d 10 (1987); *National Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 857(1985)).

It is undisputed that Siemion's claims against Passes involve alleged acts by a tribal member against a tribal member occurring on the Crow Tribe Reservation. In civil cases arising between Indians, or against an Indian defendant in an action arising in Indian country, tribal jurisdiction usually will be exclusive. *See Fisher v. District Court*, 424 U.S. 382, 386-89 (1976); *Williams v. Lee*, 358 U.S. 217, 223

(1959). Indian tribes "exercise inherent sovereign authority over their members and territories." *Oklahoma Tax Com'n v. Citizen Band of Potawatomi Indian Tribe*, 498 U.S. 505, 511 (1991). *See also Water Wheel Camp Recreational Area, Inc. v. LaRance,* 642 F.3d 802 (9th Cir. 2011) (upholding tribal court's exercise of jurisdiction over non-Indians in unlawful detainer action for breach of a lease of tribal lands and trespass).

Here, the record does not reflect that Siemion has sought relief in Tribal Court for her allegations against Passes. Thus, she has not exhausted her tribal court remedies. Accordingly, as a matter of comity and as a matter of jurisdictional concerns, the Court will recommend that Passes' motion to dismiss be granted. Because of this conclusion, the Court does not address Passes' other arguments supporting his motion for dismissal.

### III. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Passes' motion to dismiss *(DKT 72)* be GRANTED.

NOW, THEREFORE, **IT IS ORDERED** that the Clerk shall

serve a copy of the Order and Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations portion of this document must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 7th day of November, 2012.

/S/ Carolyn S. Ostby
United States Magistrate Judge