

**FILED**
NOV 27 2012
Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| NELVETTE SIEMION, DBA/White Buffalo Ranch,<br><br>Plaintiff,<br><br>vs.<br><br>VIANNA STEWERT, DEBBIE SCOTT, CLARA HUGS, TY TEN BEAR, PATRICIA BUGAS-HARRIS, MARTIN ANSETH, WILLIAM HE DOES IT, PHOEBE KNAPP-WARREN, PAUL WARREN, SAM REDDING, LELAND WALKING BEAR, KELLY DEE PASSES, CEDRIC BLACK EAGLE, LARRY TOBACCO, WILLIAM F. SNELL III PRETTY SHIELD, CODY WILHELM, CHAZ BENDS, VERNON HILL, PETE MOLINA, DIANE CABRERA, and PARTIES UNKNOWN,,<br><br>Defendant. | Cause No. CV-11-120-BLG-RFC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

On November 7, 2012, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation. Magistrate Judge Ostby recommends that Passes' motion to dismiss be granted.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no

1

party filed objections to the November 7, 2012 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

Passes seeks dismissal of Siemion's claims against him arguing that Siemion has failed to: (1) first present her claims against him to the Tribal Court before bringing them in federal court; (2) establish that this Court has subject matter jurisdiction over this action under Rules 8(a)(1) and 12(b)(1), F.R.Civ.P.; (3) bring her claims within the applicable limitations period; (4) join as a defendant the Crow Tribe of Indians, a necessary and indispensable party under Rule 19, F.R.Civ.P.; and (5) state a claim upon which relief can be granted as required by Rule 12(b)(6).

Rule 12(b)(1), F.R.Civ.P. permits a party to seek dismissal if the Court lacks jurisdiction over the subject matter of the dispute. United States Supreme Court has described the parameters of federal court jurisdiction as follows:

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden

of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations omitted).

With respect to statutory grants of federal subject-matter jurisdiction, the Supreme Court has noted:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. *Bell v. Hood*, 327 U.S. 678, 681-85 (1946). She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. See § 1332(a).

*Arbaugh v. Y & H Corporation*, 126 S.Ct. 1235, 1244 (2006) (citations omitted).

Civil jurisdiction over activities on reservation lands involving Indian tribal members presumptively lies in the tribal courts unless limited by federal statute or a specific treaty provision. Considerations of comity require the exhaustion of

tribal remedies before the claim may be addressed by the federal district court. *Wellman v. Chevron*, 815 F.2d 577, 578 (9th Cir. 1987) (citing *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 107 S. Ct. 971, 976-977, 94 L. Ed. 2d 10 (1987); *National Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 857(1985)).

It is undisputed that Siemion's claims against Passes involve alleged acts by a tribal member against a tribal member occurring on the Crow Tribe Reservation. In civil cases arising between Indians, or against an Indian defendant in an action arising in Indian country, tribal jurisdiction usually will be exclusive. *See Fisher v. District Court*, 424 U.S. 382, 386-89 (1976); *Williams v. Lee*, 358 U.S. 217, 223 (1959). Indian tribes "exercise inherent sovereign authority over their members and territories." *Oklahoma Tax Com'n v. Citizen Band of Potawatomi Indian Tribe*, 498 U.S. 505, 511 (1991). *See also Water Wheel Camp Recreational Area, Inc. v. LaRance*, 642 F.3d 802 (9th Cir. 2011) (upholding tribal court's exercise of jurisdiction over non-Indians in unlawful detainer action for breach of a lease of tribal lands and trespass).

Here, a thorough review of the record does not reveal that Siemion has sought relief in Tribal Court for her allegations against Passes. Thus, she has not exhausted her tribal court remedies. Accordingly, as a matter of comity and as a matter of jurisdictional concerns, this Court must grant Passes' motion to dismiss.

Because of this conclusion, the Court need not address Passes' other arguments supporting his motion for dismissal.

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that Passes' Motion to Dismiss [*Doc. 72*] is GRANTED. The Clerk of Court is directed to enter Judgment in this matter and close this matter accordingly.

The Clerk of Court shall notify the parties of the entry of this Order.

DATED the 27th day of November, 2012.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE